**MANILDRA MILLING CORPORATION,**
**Plaintiff,**

v.

**OGILVIE MILLS, INC., Defendant,**
**Third–Party Plaintiff, and**
**Counterclaimant,**

v.

**HENKEL CORPORATION, Henkel of America, Inc., Defendants, and Third–Party Defendants,**

and

**John Thomas Honan, Counterclaim Defendant.**

Civ. A. No. 86–2457–S.

United States District Court,
D. Kansas.

Aug. 23, 1991.

Edward L. Bailey, Carol B. Bonebrake, Charles T. Engel, Cosgrove, Webb & Oman, Topeka, Kan., Charles D. Horner, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., W. Stanley Walch, Mark Sableman, Thompson & Mitchell, St. Louis, Mo., William K. West, Wayne Jones, Cushman, Darby & Cushman, Washington, D.C., Tim S. Haverty, Dennis L. Davis, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Kansas City, Mo., Murray J. Belman, Thompson & Mitchell, Washington, D.C., for plaintiff and counter-defendants.

Robert D. Benham, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Bruce H. Weitzman, McDermott, Will & Emery, Chicago, Ill., Eugene Sabol, Paul Grandinetti, Mark Lee Hogge, Fisher, Christen & Sabol, Washington, D.C., Byron L. Gregory, McDermott, Will and Emery, Chicago, Ill., for defendant counter-claimant and third-party plaintiff.

Michelle M. Suter, McDowell, Rice & Smith, P.C., Overland Park, Kan., Robert P. Smith, McDowell, Rice and Smith, Kansas City, Mo., John D. Gould, Daniel W.

McDonald, Alan G. Carlson, Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, Minn., Robert L. Baechtold, David F. Ryan, Fitzpatrick, Cella, Harper & Scinto, New York City, for third-party defendants.

## ORDER

SAFFELS, District Judge.

This matter is before the court on several discovery motions of defendant, counterclaimant and third-party plaintiff Ogilvie Mills, Inc. ("Ogilvie"). This action is set for trial on August 26, 1991, at Topeka, Kansas.

This case may be briefly summarized as follows. Plaintiff Manildra Milling Corporation ("Manildra") seeks a declaration of non-infringement, invalidity and/or unenforceability of two patents currently held by Ogilvie and formerly held by Henkel Corporation and Henkel of America, Inc. ("Henkel"). In addition, Manildra alleges antitrust violations and pendent common law claims against Ogilvie. Ogilvie has counterclaimed against Manildra, and its 100 percent shareholder John Thomas Honan ("Honan") for patent infringement. Ogilvie has also filed a third-party complaint against Henkel seeking indemnity for liability on a portion of Manildra's claims. This third-party claim has been bifurcated from the trial of the other claims.

■ Ogilvie moves the court to compel production of numerous documents which allegedly have been produced previously by Manildra. Some of these documents are updates of financial documents. Other requests include: trial exhibits marked in March 1991, and updated test data for the M–80, large-granule wheat starch.

Upon review, the court finds that Ogilvie's motion is made moot by Manildra's agreement to produce the requested updated discovery. Further, to the extent that Ogilvie is seeking discovery which it previously failed to request, the court finds that

Ogilvie's motion should be denied. Discovery has been closed since 1989, the court finds that discovery simply should not be reopened on the eve of trial. Further, the court finds that Manildra's offer to produce the updated discovery is not conditioned upon Ogilvie's production of documents which it has previously refused to produce. Accordingly, the court will deny Ogilvie's motion to compel the production of documents for inspection and copying (Doc. 969).

■ Also before the court is Ogilvie's motion for leave to redepose Manildra's expert witness Dr. John Hancock, or in the alternative, for an order *in limine* prohibiting Dr. Hancock from expressing any opinions at the time of trial different from or contrary to those expressed in his testimony during the mistrial (Doc. 979).[1] Ogilvie contends that Manildra should produce its expert witness for a second deposition, solely for the purpose of inquiring into any change in his opinions in light of those opinions expressed by Ogilvie's economic expert witness Dr. John Singer on July 16, 1991.

Upon review, the court finds that Ogilvie's motion should be denied. The court is familiar with the history of discovery as it relates to Dr. John Singer. While it is true that Dr. Singer was deposed several times, this was necessitated by his lack of preparation for earlier depositions. Further, Dr. Hancock has been deposed and has produced his damages model which includes his expert analysis in detail. Moreover, this model has been updated by Dr. Hancock and copies of his updates have been provided to Ogilvie. Finally, Dr. Hancock testified and was cross-examined during the aborted March trial. Thus, Ogilvie has had ample opportunity to review Dr. Hancock's analysis. The court simply finds no merit in Ogilvie's motion for leave to redepose Dr. Hancock, or in the alternative, for an order *in limine*. Accordingly, the court denies Ogilvie's motion.

---

1. The court further notes that this motion is filed out of time. To the extent that Ogilvie's motion is out of time, the court will grant Ogilvie's motion for leave to file a pretrial motion out of time (Doc. 978). Accordingly, the court will proceed to address the merits of Ogilvie's untimely motion.

Next, Ogilvie reasserts a motion previously denied by the court for the production of documents (Doc. 970). Ogilvie seeks the production of documents which it alleges Manildra has failed to produce pursuant to a prior discovery request. The court finds that this motion is denied for the reasons previously stated by the court in its Memorandum and Order filed March 1, 1991. Further, to the extent that Ogilvie's motion is a motion for reconsideration, the court finds that it is untimely and is denied. D.Kan. 206(f).

IT IS SO ORDERED.